## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NOE RODRIGUEZ-GONZALEZ, | ) | CASE NO. 1:14-cv-1262 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FEDERAL BUREAU OF PRISONS, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

### I. INTRODUCTION

On June 12, 2014, Noe Rodriguez-Gonzalez filed a pro se *in forma pauperis* petition for habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1 ["Petition"].) On December 15, 2014, he filed a supplemental petition (Doc. No. 3), having been granted leave to do so.

A scheduling order issued, directing respondent to answer the petition by March 24, 2015. Petitioner was directed to file his reply within fourteen days of the answer, and respondent was to file any response within another seven days.

Respondent filed its answer (return of writ) on March 12, 2015, twelve days before the deadline. (Doc. No. 8 ["Return"].) Petitioner's reply, according to the Court's order, would have been due 14 days later. However, on April 7, 2015, respondent filed an amended certificate of service, indicating that it had re-served the return of writ because petitioner had a new address. Although it is petitioner's responsibility to keep his address current on the clerk's docket, he had not done so. As a result of this development, and in an abundance of caution even though petitioner's deadline to reply had already passed, the Court deferred its ruling until the

date of this order in anticipation that petitioner might yet reply. But petitioner has not availed himself of that opportunity, and the matter is, therefore, ripe for determination.

## II. BACKGROUND

The gravamen of the petition is that the Bureau of Prisons ("BOP") has improperly calculated petitioner's federal sentence.

On April 15, 2007, petitioner was arrested in Cuyahoga County and charged under Ohio law with drug trafficking, drug possession, and possession of criminal tools. (Return at 82, citing *Ohio v. Rodriguez*, No. CR-07-495559-A.)[1] He remained in continuous custody after his arrest. On April 30, 2007, while in custody, he was indicted in a second state drug trafficking case. (*Id.*, citing *Ohio v. Rodriguez*,[2] No. CR-07-495492-C.)

On August 16, 2007, petitioner was named in a one-count federal indictment charging him with illegal entry after deportation. (*United States v. Noe Rodriguez-Gonzalez*, No. 1:07-cr-426.) He was arrested at the Cuyahoga County Jail by federal agents on September 13, 2007, and was temporarily borrowed from state custody for prosecution on the federal charge. (Return, Ex. C.) On October 26, 2007, petitioner pleaded guilty to the federal charge (No. 1:07-cr-426, Minute Entry dated 10/26/07) and, on November 27, 2007, was returned to state custody in satisfaction of the federal writ (Return, Ex. C). On December 21, 2007, petitioner was again

---

[1] The online records of the Cuyahoga County Common Pleas Court confirm this procedural background. The Court is permitted to take judicial notice of these public records pursuant to Fed. R. Evid. 201. *See United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' … This includes public records and government documents available from reliable sources on the Internet.") (internal quotation marks and citations omitted); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) ("Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

[2] The Cuyahoga County records actually show this case name as *Ohio v. Marroquin*, reflecting one of petitioner's aliases.

borrowed by federal authorities (*id.*) and, on December 28, 2007, this Court sentenced him to 37 months of incarceration and three years of supervised release (No. 1:07-cr-426, Doc. No. 13; Return, Ex. D). The Court's judgment entry was silent with respect to whether this federal sentence was to run concurrently or consecutively with any forthcoming state sentence. He was returned to state custody on January 11, 2008. (Return, Ex. C.)

On March 14, 2008, petitioner entered guilty pleas to all the state charges. In his first case, Ohio sentenced him to seven years in prison, with one year on a mandatory firearm specification to be served prior to and consecutive with six years on the base charge, and on his second case to two years in prison, to run concurrently with his first sentence. The state sentences were to be served at the Lorain Correctional Institution, and were to run concurrently with his federal sentence. The state court directed the sheriff to calculate all jail credit. (Return, Exs. E and F.)

On April 11, 2014, having completed his state sentences, petitioner was transferred to the custody of the BOP, pursuant to a federal detainer. (Return, Ex. C.) The state records reflect that his state sentence was computed as commencing on March 20, 2008, and continuing through April 17, 2014.[3] (Return, Ex. G.) The time he was in custody from April 20, 2007 through March 19, 2008 was credited against his state sentence as state jail time credit. (*Id.*)

Following his transfer to federal custody, petitioner asked the BOP to consider whether he was entitled to credit for time served in the state prison prior to his federal incarceration and time served prior to the imposition of his federal sentence. (Return, Ex. B.) In a

---

[3] This April 17, 2014 date appears to be an error. The federal records compute his federal sentence as having begun on April 11, 2014. (Return, Ex. J at 135.)

3

letter dated October 1, 2014, the BOP advised this Court that petitioner had requested consideration for a retroactive designation of the state institution for service of his federal sentence. The letter noted that if, after 60 days, the Court took no position on the issue, the BOP would complete its review and make a decision regarding petitioner's request. (Return, Ex. H.)

This Court did not take a position and, on December 19, 2014, the BOP considered petitioner's request for a retroactive designation of the state prison for service of his federal sentence. After review of his individual circumstances in light of the five factors in 18 U.S.C. § 3621(b), the BOP determined that it was not appropriate for petitioner to receive a retroactive designation. (Return, Ex. I.)

Petitioner's federal sentence has been computed as commencing on April 11, 2014, with five days of prior custody credit for April 15, 2007 to April 19, 2007. His projected release date is December 11, 2016. (Return, Ex. J.)

### III. DISCUSSION

Respondent's return of writ very effectively sets forth all the law applicable to this case and equally effectively applies that law to the facts herein. This Court need not exhaustively repeat all that is laid out in the return, which is unchallenged by petitioner. A summary of the ultimate conclusions is sufficient.

A petition for writ of habeas corpus under 28 U.S.C. § 2241 is generally "reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Here, petitioner seeks to have the BOP recompute his federal sentence, arguing that he is entitled to credit for time served in state custody prior to

the commencement of his federal sentence. He is also of the view that, because his federal sentence was imposed before his state sentences, and because the state court ordered that the state sentences be served concurrent with the federal sentence, his federal sentence should have commenced upon its imposition, not when he was transferred from state to federal custody on April 11, 2014.

Because petitioner was subject to both state and federal sentences between the date of his arrest and the date he filed this petition, many of the issues he raises are controlled by the doctrine of priority of jurisdiction. "Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *Ward v. Minick*, No. 91-1941, 1992 WL 26998, at *1 (6th Cir. Feb. 13, 1992) (citation omitted). In this case, the State of Ohio was the first to arrest petitioner.

When a federal sentence is imposed upon a defendant who is in primary non-federal custody, the non-federal authority retains primary jurisdiction over the prisoner, and federal custody does not commence until the non-federal authority relinquishes jurisdiction. *Cervantes v. Coakley*, No. 4:12CV2735, 2013 WL 5507487, at *3 (N.D. Ohio Oct. 2, 2013). Further, Ohio's primary custody of a defendant was not relinquished when, as here, federal authorities "borrowed" petitioner for purposes of his federal prosecution. *Huffman v. Perez*, 230 F.3d 1358 (Table), 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000).

The commencement of petitioner's federal sentence is governed by 18 U.S.C. § 3585(a). "After a defendant is sentenced, it falls to [the] BOP, not the district judge, to determine when a sentence is deemed to 'commence.'" *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (quoted by *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007)); *accord Doan v. LaManna*, 27 F. App'x 297, 299 (6th Cir. 2001) ("the BOP has the authority to determine when a

5

prisoner's sentence commences"). If a defendant is in primary federal custody at the time of his federal sentencing, the federal sentence will commence upon imposition. Where, as here, the defendant was in primary state custody at the time of federal sentencing, the BOP must determine whether the federal sentencing court expressly indicated whether the federal sentence should run concurrently or consecutively with the non-federal sentence.

In this case, the federal sentencing entry is silent with respect to its relationship to any state sentence because, at the time of sentencing, "district courts within the Sixth Circuit were not recognized to have the discretion to direct that the federal sentence be served concurrently with the yet-to-be-imposed state sentence on the pending state charges." *United States v. Elledge*, No. 2:00-cr-00015, 2013 U.S. Dist. LEXIS 173388, at *9-10 (M.D. Tenn. Dec. 11, 2013) (citing *United States v. Zorn*, 461 F. App'x 493, 496 (6th Cir. 2012) (additional citations omitted)). The Court's silence in this regard is construed as an intent to impose a consecutive sentence. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013).

Petitioner argues that, because the *state* court ordered that his later-imposed state sentence was to run concurrent with his federal sentence, he should be given credit toward his federal sentence for all the time served in state custody. "But the power to grant credit for time served lies solely with the Attorney General and the [BOP]." *Leguen-Mejia v. United States of America, Warden, NEOCC*, No. 4:12-CV-1000, 2015 WL 196154, at *1 (N.D. Ohio Jan. 14, 2015) (citing 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 333, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992)). "It is 'well-settled that the state court's intent [regarding concurrent or consecutive sentences] is not binding [on the federal courts or the BOP].'" *Elledge*, 2013 U.S.

Dist. LEXIS, at *10 (quoting *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007) (alteration in original) (additional citations omitted)).

Where, as here, prior custody credit has already been given for another sentence, § 3585(b) prohibits double crediting it toward another sentence. Prior to the commencement of his federal sentence, petitioner was detained by the State of Ohio from April 15, 2007 through April 11, 2014. Ohio credited him, for purposes of his state sentences, with time served at the county jail between April 20, 2007 through March 19, 2008; that time cannot be double-credited toward his federal sentence. Petitioner was only entitled to credit against his federal sentence for April 15, 2007 though April 19, 2007, a period of five additional days that he spent in the county jail. The BOP did allow this credit and he is not entitled to any additional credit. (Return, Ex. J at 135.)

Finally, petitioner argues that he was entitled to a retroactive designation of the state institution for service of his federal sentence. Under 18 U.S.C. § 3621, the BOP has authority to designate, *nunc pro tunc*, the place of confinement for a prisoner's federal sentence. *Setzer v. United States*, -- U.S. --, 132 S. Ct. 1463, 1467-68, 182 L. Ed. 2d 455 (2012); *Barden v. Keohane*, 921 F.2d 476, 482 (3d Cir. 1991); *see also* Doc. No. 8-13, BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. The BOP must consider the prisoner's request for retroactive designation, but there is no obligation to grant it. *Seibles v. Thomas*, No. 14-2754, 2015 WL 1600427, at *1 (3d Cir. April 10, 2015); Program Statement at 158.

"If the BOP denies a prisoner's request for *nunc pro tunc* designation, the prisoner may raise his claim through the BOP's administrative remedy program. If the prisoner still does not obtain the requested relief, he may seek a writ of habeas corpus under § 2241. The BOP's

*nunc pro tunc* determination is reviewed for abuse of discretion, and its findings are afforded substantial deference and entitled to a presumption of regularity." *Moorning v. Purdue*, Civil Action No. 3:14-CV-1, 2015 WL 774280, at *7 (N.D. W.Va. Feb. 24, 2015) (citing *Setzer* and *Barden*; other citations omitted); *Taylor v. Eichenlaub*, No. 2:08-CV-13418, 2009 WL 2849131, at *5 (E.D. Mich. Sept. 1, 2009).

Here, the BOP sent a letter to this Court (Return, Ex. H) inquiring as to its intent with respect to whether petitioner's federal and state sentences were to run consecutively or concurrently. After 60 days, when this Court did not answer the letter, the BOP completed its independent review of the five factors in 18 U.S.C. § 3621(b), and made a determination not to allow a retroactive designation. (*See* Return, Ex. I.) Applying the standard of review set forth in *Moorning*, *supra*, this Court finds no abuse of discretion on the part of the BOP in making that determination.

## IV. CONCLUSION

For the reasons set forth herein, the petition for writ of habeas corpus is denied. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: May 12, 2015

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

8